Judge Buckner,
delivered the opinion of the court. ,
Under a decree of the Rockcastle circuit court, a commissioner appointed for that purpose, executed an instrument of writing, purporting to be a deed, but which is not under seal, to convey to said Stuart a tract of-land, for and in hehalf of the heirs of Stephen Langford, deceased.
The writing aforesaid contains the following warranty.
“And the said commissioner, on behalf of the heirs -of said Langford, doth covenant to and with the said Stuart, his heirs, &c., that they, (the heirs of said Lang- ■ ford) will, forever, warrant and defend the right and title of said tract of land, with its appurtenances to him, -the said Stuart, his heirs and assigns, forever, against the claim of every person, whatever; and -further, if said"land is ever lost, the commissioner aforesaid, on the part of said heirs, agrees to refund to Stuart, agreeably to the intention and meaning of said decree.
The land so conveyed, or a part of it, having been lost, (as it is averred by Stuart,) by a decree of said court, in a suit prosecuted by one Henderson against Stuart, the heirs of Langford and others; this action of covenant was instituted by the defendant in error, against Smith and Carson, as administrators-of the estate of Stephen Langford, deceased, and against Henry S. Langford and Benjamin Langford, as heirs of said •Stephen.
If a defendant before de-commissioner 'made uuder the decree bin decedent
Ei Smith, for plaintiffk
The defendants craved Ojer of the writing declared en, and filed a demurrer, which was joined, and uP01i argument, overruled by the circuit court. A Writ of inquiry was then executed; and upon a verdict returned for JÍ263 62 cents in damages, the court gave judgment in the following words: “it is therefore considered by the court, that the plaintiff recover against the defendants, the damages by the jurors, in their verdict assessed, also his costs, by him, in this behalf expended.”
To reverse it, the plaintiffs in error psosecutes this writ with supersedeas.
During the progress of the trial, the plaintiffs in error moved the court to give certain instructions, which were refused. But it is unnecessary to notice them, or any error assigned, except those which relate to the opinion upon the demurrer, and the manner of entering the judgment.
The judgment is clearly erroneous. Stephen Lang-ford was not bound by the deed, (even if it may be so termed,) for he died previous to the decree, finder which it'was made. His administrators were not ham-éd in it. It was indeed intended to bind the heirs only, What may be its efficacy as to them, it is not now necessary to determine. If, however, the administrators could have been charged, in their fiduciary character, it Wouid not justify a judgment against them, in their individual capacities.
The judgment of the circuit court must be reversed, with costs, and the cause remanded, with directions to sustain the demurrer.